```
UNITED STATES DISTRICT COURT                              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                             DOCUMENT
                                                          ELECTRONICALLY FILED
------------------------------------------------------X   DOC #:
 DANOS KALLAS,                                    :       DATE FILED: 01/30/2020
                                                  :
                              Plaintiff,          :       18-cv-12310 (VEC)
                                                  :
                -against-                         :       MEMORANDUM
                                                  :       OPINION AND ORDER
 THERESA L. EGAN, as the Executive Deputy         :
 Commissioner of the Department of Motor Vehicles :
 of the State of New York                         :
                              Defendants.         :
------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

*Pro se* plaintiff Danos Kallas alleges that New York's traffic statutes violate Equal Protection and Due Process because state law does not allow minorities, "who . . . [are] less able to pay fines," to receive lower fines. *See* Compl. (Dkt. 1) at 2. Kallas does not claim to be a member of the minority group(s) on whose behalf he purports to bring this action—indeed, he specifically disclaims any relief for himself, and instead claims to have "citizen standing" to correct a perceived injustice. *See* Compl. (Dkt. 1) at 4 ("The citizen is proceeding gratis, without regard for his/her self-interests."). Kallas has also previously commenced a separate action against the New York Department of Motor Vehicles, alleging that the issuance of two traffic tickets by the State of New York violated his constitutional rights; the earlier action was dismissed *sua sponte* as frivolous by the district court, and the dismissal was affirmed by the Second Circuit, without leave to amend. *Kallas v. Fiala*, 591 F. App'x 30, 31 (2d Cir. 2015) ("We further note that amendment of the complaint would have been futile."), *cert. denied*, 136 S. Ct. 271 (2015). Magistrate Judge Stewart Aaron, to whom this action was referred for general pretrial and other issues, ordered Plaintiff to show cause why this action should not be dismissed

for lack of standing or as barred by claim preclusion. *See* Dkt. 6. After reviewing Plaintiff's response, Judge Aaron recommended that this Court dismiss the action and deny leave to amend as futile. *See* Report & Recommendation ("R&R") (Dkt. 10) at 6–8. Although Kallas has filed timely objections, his arguments are meritless, and the Court adopts Judge Aaron's recommendation that the claims be dismissed for lack of standing, and that leave to amend be denied as futile.

## DISCUSSION

Because Kallas is proceeding *pro se*, the Court construes his submissions "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006).

In reviewing a Report and Recommendation (R&R), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The standard of review employed by the district court in reviewing an R&R depends on whether any party makes timely and specific objections to the report. *Williams v. Phillips*, No. 03-CV-3319, 2007 WL 2710416, at *1 (S.D.N.Y. Sept. 17, 2007). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Service, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). The Court also reviews objections that are "conclusory or general" for clear error. *See Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011). Where, however, specific objections to the R&R have been made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see United States v. Male Juvenile (95-*

*CR-1074)*, 121 F.3d 34, 38–39 (2d Cir. 1997). The Court need not consider arguments and factual assertions that were not raised initially before the magistrate judge. *Robinson v. Keane,* No. 92-CV-6090, 1999 WL 459811 at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation."); *see also Abu–Nassar v. Elders Futures, Inc.,* No. 88-CIV-7906, 1994 WL 445638 at *4 n.2 (S.D.N.Y. Aug. 17, 1994) ("If the Court were to consider [new arguments in an objection], it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments.").

The fact that Plaintiff lacks standing in this matter is one of the few things that appears clearly on the face of the Complaint. There is no question that a plaintiff must assert "a distinct and palpable injury to [him]self" in order to have standing to maintain a claim. *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 64 (2d Cir. 2012) (quotation marks and citation omitted). Instead, Plaintiff forthrightly states that he is "proceeding [] without regard for his/her self-interests," "seeks no individual relief," and is instead a "citizen-litigant" acting on behalf of the American people. *See, e.g.*, Compl. (Dkt. 1) at 4. Thus, although he claims that New York law inflicts harm on minorities, he does not allege that he was injured in any way. In his objection to the R&R, Plaintiff claims in sweeping terms that he derives standing from the Second Amendment of the United States Constitution because the amendment authorizes citizens to defend their homeland. *See* Dkt. 11 at 2. Plaintiff cites no authority, and the Court is unaware of any credible source that comes close to suggesting that the Second Amendment creates an exemption to the case or controversy requirement contained in Article III of the Constitution. *See United States v. Jimenez*, 895 F.3d 228, 232 (2d Cir. 2018) ("[A] defendant to whom a statute

3

constitutionally applies has no standing to challenge the statute's constitutionality [under the Second Amendment] as it applies to others differently situated."). Plaintiff's objection is therefore frivolous, and the Court agrees with Judge Aaron that Plaintiff lacks standing to seek relief purely on others' behalf.[1]

Leave to amend should be granted to a *pro se* litigant, unless it is clear that no valid claim can be stated.[2] *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A pro se complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quotation marks and citations omitted)). Here, granting leave to amend would be futile due to a combination of standing and claim preclusion. First, unless Plaintiff abandons his allegations that he is not seeking relief on his own behalf and contradicts his current pleading that he does not stand to benefit from invalidating New York's traffic laws, he cannot demonstrate standing. If, however, Plaintiff attempts to challenge the constitutionality of his own traffic tickets, which he has already done, those claims would be barred by *res judicata* because they could have been raised in his previous litigation. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) ("To prove the affirmative defense of *res judicata* a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." (quotation marks and citation omitted)).

---

[1] Plaintiff objects to Judge Aaron's conclusion that the complaint would also fail to state an equal protection claim on the merits under *Washington v. Davis*, 426 U.S. 229 (1976). *See* Dkt. 11 at 4; R&R at 6 n.6. Because this case fails for jurisdictional reasons, the Court does not address the merits of Plaintiff's constitutional claims.

[2] Plaintiff also objects to Judge Aaron's citation to two cases, which set forth general principles regarding the grant or denial of leave to amend. *See* Dkt. 11 at 4–5. The Court finds no error. *See* R&R at 7 ("Lastly, district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, unless it would be futile to do so." (citing *Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011) and *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988))).

## CONCLUSION

Because Kallas' objections are meritless and the Court otherwise finds no clear error, the Court ADOPTS the R&R's conclusion that Plaintiff lacks standing to maintain this action and that further amendments would be futile. This action is therefore dismissed without prejudice, and leave to amend is denied.

The Clerk of Court is respectfully directed to terminate all pending motions and deadlines and close the case. The Clerk is further requested to mail a copy of this Order to Mr. Kallas' last known address and note mailing on the docket.

**SO ORDERED.**

Date: January 30, 2020　　　　　　　　　　　　　　　　**VALERIE CAPRONI**
　　　New York, NY　　　　　　　　　　　　　　　　**United States District Judge**